**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**WILLIAM ANTONIO WILSON, #R6861**                                                    **PETITIONER**

**VERSUS**                                         **CIVIL ACTION NO. 1:04cv811-DMR-JMR**

**DOLAN WALLER, CHRISTOPHER EPPS, and**
**JIM HOOD**                                                                              **RESPONDENTS**

**REPORT AND RECOMMENDATION**

This matter is before this Court on the Respondents' Motion [10-1] to Dismiss Pursuant to § 2244(d). Having considered the Respondents' Motion [10-1], along with the entire record and the applicable law, this Court finds that the Motion [10-1] is well-taken and should be granted. Accordingly, Wilson's petition in the above-captioned action should be dismissed.[1]

**I. Statement of the Case**

On October 16, 1998, the Petitioner, William Antonio Wilson ("Wilson"), was convicted of capital murder and aggravated assault in the First Judicial District of the Circuit Court of Harrison County, Mississippi, and was sentenced to serve a term of life imprisonment plus twenty (20) years in the custody of the Mississippi Department of Corrections. (*See* Order, attached to Respondents' Motion to Dismiss as Exhibit "A"). On May 23, 2000, in a written opinion, the Mississippi Court of Appeals affirmed Wilson's judgment of conviction and sentence. (*See Wilson v. State,* 759 So.2d 1258 (Miss.App. 2000), attached to Respondents' Motion to Dismiss as Exhibit "B"). Wilson declined to seek discretionary review in state court by filing a petition for rehearing in the court of appeals as provided for in Mississippi Rule of Appellate Procedure 40. By failing to seek discretionary review, Wilson was unable to pursue further direct review in the Mississippi Supreme

---

[1] This Court notes that Wilson has failed to respond to the Respondents' Motion [10-1] to Dismiss, which was filed on April 5, 2005.

Court by way of a petition for writ of certiorari or review in the United States Supreme Court by way of a petition for a writ of certiorari. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Therefore, Wilson's conviction became final fourteen (14) days after it was affirmed on direct appeal, when the time for seeking further review in the state court expired. *See* M.R.A.P. 40(a).

Wilson's judgment of conviction became final on June 6, 2000, fourteen days after his conviction was affirmed on May 23, 2000. Wilson submitted his federal habeas petition sometime between September 15, 2004, the date he signed it, and November 1, 2004, the date it was stamped "filed." According to the mailbox rule, Wilson's petition tolls the statute of limitations when he delivers it to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Thus, at the earliest, Wilson "filed" his petition on September 15, 2004.

## II. Analysis

A petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A state judgment becomes final "upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari." *Ott v. Johnson*, 192 F. 3d 510, 513 (5th Cir. 1999). Therefore, Wilson's judgment became final on June 6, 2000, fourteen days after his conviction was affirmed by the Mississippi Court of Appeals. According to the mailbox rule, Wilson's petition tolls the statute of limitations when he delivers it to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). At the earliest, Wilson "filed" his federal petition when he signed it on September 15, 2004, some 1,197 days after the federal statute of limitations had expired on June 6, 2001. Based on the foregoing,

Wilson's federal petition for habeas corpus is barred by the one-year statute of limitations, unless Wilson is entitled to either statutory or equitable tolling.

The first issue is whether statutory tolling occurred during the period between the judgment becoming final and his filing of the federal petition for federal habeas corpus. 28 U.S.C. § 2244(d)(2) provides for tolling of the one-year limitations period during the time in "which a properly filed application for State post-conviction" remains pending. Wilson filed "An Application For Leave To File Motion For Post-Conviction Collateral Relief" and a "Motion For Post-Conviction Collateral Relief" with the Mississippi Supreme Court on June 12, 2003. These motions were filed 736 days late after the June 6, 2001, habeas deadline and were denied by the supreme court on September 18, 2003. (*See* Petition and Order, attached to Respondents' Motion to Dismiss as Exhibits "C" and "D"). Wilson subsequently filed a motion for reconsideration, which was denied by the supreme court on October 10, 2003. (*See* Order, attached to Respondents' Motion to Dismiss as Exhibit "E"). Pursuant to § 2244(d)(2), Wilson's state post-conviction motions cannot toll the one-year limitations period described in § 2244(d)(1) as they were not filed within the one-year limitations period for filing the petition for writ of habeas corpus. Wilson's petition is therefore barred by § 2244(d), unless Wilson persuades this Court that his claim should not be time-barred under the principles of equitable tolling.

Generally, equitable tolling is only available in rare circumstances. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999). Furthermore, in *Rashidi,* the Fifth Circuit stated, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). As noted above, Wilson has failed to respond to the

3

Respondents' Motion [10-1] to Dismiss; therefore, he has failed to present any argument that would support equitable tolling.

Without the benefit of equitable tolling, Wilson needed to file his federal habeas petition on or before June 6, 2001. A federal habeas petition is deemed "filed" when the petitioner "delivers the petition to prison officials for mailing to the district court." *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999)(per curiam)(citing *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998)). At the earliest, Wilson filed his federal habeas petition on September 15, 2004 – the date he signed the federal petition in the above-captioned case. Wilson's Petition is therefore barred by § 2244(d).

### III. Conclusion

Wilson's state court conviction became final on June 6, 2000. Thereafter, Wilson had one year, or until June 6, 2001, to file a federal petition for a writ of habeas corpus. At the earliest, Wilson filed his federal habeas petition on September 15, 2004. This Court finds that Wilson is entitled to neither statutory nor equitable tolling. Therefore, it is the recommendation of this Court that Wilson's Petition for Writ of Habeas Corpus should be dismissed based upon the federal one-year limitations period found in 28 U.S.C. § 2244(d).

In accordance with the Rules of this Court, any party, within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from

attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

THIS the   22nd   day of November, 2005.

s/ John M. Roper, Sr.<br>CHIEF UNITED STATES MAGISTRATE JUDGE